UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**KIMBERLY FREEMAN**                                                                           **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:17CV-422-JHM**

**COMMONWEALTH OF KENTUCKY** *et al.*                            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Kimberly Freeman, who is proceeding *pro se* and *in forma pauperis*, filed suit against numerous Defendants. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I.**

On July 13, 2017, Plaintiff initiated this action by filing a letter with attachments (DN 1). In the letter, Plaintiff states, "I want to proceed with a lawsuit in referance to the above listed Defendants," and she lists the Commonwealth of Kentucky, the City of Louisville, and "City Of Louisville Buissness" as Defendants. To the letter/complaint, Plaintiff attaches two pages of businesses located in Louisville and other cities in Kentucky and businesses located in Indiana, California, Arizona, and New Jersey. As attachments, Plaintiff submitted a copy of an email from the Better Business Bureau serving the Cincinnati, Ohio area and a receipt from the U.S. Postal Service.

On July 27, 2017, in response to a notice of deficiency issued by the Clerk of Court, Plaintiff filed her complaint on a form (DN 1-2). In the caption of the complaint form, Plaintiff names Walmart Neighborhood Markets at two Louisville locations as Defendants. Then, in the

section of the complaint form asking for a list of Defendants, Plaintiff lists the following businesses: Kroger, "stocking"; Dollar Tree, "stocking stocker"; Walmart; United States Postal Service, "Postal Worker Mail Carrier"; and Extra Space Storage, "Manager – Store Owner." She attaches a separate sheet of paper listing the following businesses: Choice Hotels; Quality; Comfort Inn; "Whydam Hotels"; The Car Store; T-Mobile; Rutherford Elementary School; "Office Depo"; Best Buy Motors; Time Warner Cable; Jefferson County Sherriff's Office; Hall of Justice; Dollar Tree; and Cricket Wireless.

Plaintiff asserts federal-question jurisdiction and writes, "Civil Rights, Public law 88-352 Stat. 78." She also states as follows with respect to the "amount in controversy": "All 27 Buissnesses owe 2 million in damages. For harm, physical threats and attacks." As her statement of claims, Plaintiff states, "Walmart, Kroger Dollar Tree, Commowealth of Ky, Have harmed me and my family physicialy, emotionaly, financialy, we have been shocked by baskets, Freezer doors, physical attacked by bad products sold in store. The car store, sued for lemon vehicle." As relief, Plaintiff seeks "dammages, relief from attacks, being physicaly shocked by baskets, food and being threatened at Checkout. Relief from being harrassed for shopping, Relief from harm, relief from threats. relief from theft."

On July 31, 2017, Plaintiff filed a first amended complaint (DN 8). It is not filed on a complaint form. In the one-page amended complaint, Plaintiff lists the City of Louisville and the Commonwealth of Kentucky as Defendants along with "26 Other Listed Business"[1] and states, *in toto*, as follows:

---

[1] Plaintiff attaches a list of businesses, which presumably are the "Other Listed Business[es]" she wishes to sue, although more than 26 businesses are listed. These businesses include (1) Kroger Stores; (2) Walmart Stores; (3) Walmart Neighborhood Markets; (4) Dollar Tree Stores; (5) "Cash Amercia Pawn"; (6) J And M Pawn; (7) T-Mobile; (8) "Cricketwireless"; (9) Verizon Wireless; (10) Time Warner

> This is a Civil Complaint against the listed Parties, and the City Of
> Louisville. This lawsuit is for vandalism, physical threats, bodily harm,
> physical harm, threats, property damage, harassment, retaliation,
> discrimination, theft and overpayment and hate crimes. The listed
> companies and nosiness and civilians have in some way caused a legal
> action to be taken to court. There is evidence to prove all listed persons and
> Business involved. Therefore I Kimberly Freeman am suing and have
> brought legal action against you, and am suing for damages in the amount
> of Two million dollars.

On August 1, 2017, Plaintiff filed a second amended complaint (DN 10). The amended complaint is not on a form; is nineteen handwritten pages in length; and contains thirty-four pages of attachments. In the handwritten complaint, Plaintiff alleges that Kroger sold her "Bad food/Products" and that "threats were made from this company parking lot several incidents reports filed." As to Walmart Stores and Neighborhood Markets, Plaintiff claims, "Complaints filed for baskets shocking me and family, another filed for freezer door shocking me. There are 5 or more complaints filed." She also claims that "threat made in store." With respect to the elementary schools, Plaintiff states, "Report filed, also called and complained with School Office and teacher and FTC antitrust complaint about injuries my child received while attend this school." As to Oxmoor Collision Center and Ean Holding Enterprise, Plaintiff claims, "While repairing my vehicle there was threat made and damage to fuel door of rental vehicle, suspect had pellet or BB gun and was firing in woods, while passing over speed bumps, there is a report

---

Cable; (11) "The Home Depo"; (12) Winner Furniture; (13) HHGregg; (14) Fenny Brothers & Warrantec; (15) Derby City Traders Circle Flea Market; (16) Car Store; (17) Best Buy Motors; (18) Kentucky Housing Corp.; (19) Louis Brandeis Hall of Justice; (20) United States Parcel Service; (21) Choice Hotels (Comfort Inn, Quality Inn, Suburban Extended Stay Hotels); (22) Wyndam Hotels (Days Inn, Red Roof Inn, and Woodsprings Suites); (23) U.S. Bank; (24) Jefferson County Public Schools (Rutherford Elementary and Blake Elementary); (25) Taco Bell; (26) Burger King; (27) McDonalds; (28) Extra Space Storage; (29) Uhaul; (30) "LMHA"; (31) American Claims Department; (32) Clarion Hotel; (33) Furniture Liquidators Home Center; (34) Repwest Insurance Company; (35) Louisville Free Public Library; (36) Sears Home Warranty; and (37) Alltrade Service Solutions. On the attached pages, Plaintiff also lists Brittney Coleman and "Ramazia Osmanoavic & Timiothy," presumably as Defendants.

on this also with lmPD." As to "Ky Housing Corp," Plaintiff claims, "Incorrect name, account, wrong account information" and "wrong address on eviction filing, wrong plaintiff." Regarding the Hall of Justice Small Claims Division, Plaintiff claims, "Complaints filed against three or more defendants. Case never made it to court." As to Derby City Flea Market, Plaintiff alleges, "Threating, harassing, while selling items, there were 2 incidents were harm was done that could have caused injury." As to the wireless providers, Plaintiff claims, "Stolen, cellphone from Cricket, that was supposed to be free, stolen phone stylus"; "T-mobile overcharging for cellphone and services when others provided less cost, extra Billing charges also compay destroyed my credit and my identity was stolen and account was compromised"; and "The same issue with Verizon, High prices and hidden charges on bill." With respect to the Choice and "Whydam" Hotel chains, Plaintiff states, "There are several complaints filed with Hotels here in Louisville with case numbers I was harrased, stalked and told to leave." Further, as to Winner Furniture, HHgregg, and Furniture Liquidators, Plaintiff alleges, "All these companys had delivery issues cause damage to purchased property and made threats." "At Sears," claims Plaintiff, "purchased contract two customer service reps that were in home for visit were rude and I felt violated, these companys also made threats." As to Feeney Brothers, Plaintiff claims, "had bad service tech, bad attitude customer service." Plaintiff asserts, as to Best Buy Motors, "Harassment, lying about the value on car fax and reselling the vehicle for a higher price. And also Harrasing me and caused more damage to interior of vehicle after, I secured, the payement, dealer allow other customers test Drive, causing interior damages." She claims that The Car Store "sold me a lemon vehicle I have tons of repair bills invoices, and the staff threatend me here I over paid for vehicle and it did not provide quality, I had to put a lot of work into it." Plaintiff further claims that as to Extra Space Storage, "items were stolen and damaged here.

Contract was wrong and unfair I had to pay for insurance and it stated in contract we do not cover theft and damage." She states, "Also UHal rental truck same thing, someone even broke into my trunk while parked on Uhaul lot, and again Rep West state we canot cover that loss." As to "Office Depo" and "Cash Amercia Pawn," Plaintiff claims, "Both companies I have received threats from, and did business with," and "Office Depo filed report for vandalism to vehicle." Regarding Time Warner, Plaintiff claims, "wrong phone number applyied to my account, case filed no follow up on complaint, account was compromised, Time warner, rejected Feb. payment placed account in collections." Finally, as to the U.S. Postal Service, Plaintiff claims, "received threats from mail workers allso, Had to change mailbox keys 3 times costing over $104.00. I submitted numerous mail change correction forms still problem is occurring."

Thereafter, Plaintiff on August 4, 2017, Plaintiff filed a third amended complaint (DN 11); on August 28, 2017, Plaintiff filed a fourth amended complaint (DN 16); on August 29, 2017, Plaintiff filed a fifth amended complaint (DN 17); on August 31, 2017, Plaintiff filed a sixth amended complaint (DN 18); on September 6, 2017, Plaintiff filed a seventh amended complaint (DN 20); on September 12, 2017, Plaintiff filed an eighth amended complaint (DN 22); and on October 4, 2017, Plaintiff filed a ninth amended complaint (DN 23). Each of these amended complaints were filed on a form and listed many of the same Defendants already named in this action and, at times, listed new Defendants. In the amended complaints, Plaintiff broadly claims discrimination, retaliation, physical harm, threats, theft, emotional stress, property damage, identity theft, hate, and that "suspects are retaliating outside my home with shots, odors, dead aminals."

On August 4, 2017, Plaintiff filed a criminal complaint against the Commonwealth of Kentucky, Kroger Stores, and Dollar Tree Stores (DN 11). She alleges, "Harrassment, threats

when shopping, liquid is pouring from celling or something of liquid is falling from celling in Kroger, Dollar Tree and it is on more than one occasion." On August 17, 2017, Plaintiff filed a criminal complaint against Walmart Stores, the Commonwealth of Kentucky, Louisville Public Library; and the U.S. Postal Service (DN 14), and on September 8, 2017, Plaintiff filed a criminal complaint against Kroger (DN 21). In these criminal complaints, Plaintiff claims retaliation, harassment, and "Assault with liquid throughout store."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d at 608-09. On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

As is clear from a summary of the record, Plaintiff is trying to bring claims against multiple Defendants. Under Federal of Civil Procedure 20(a)(2), persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[P]laintiffs . . . do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). "'[T]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.'" *Id.* (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *4 (D.N.J. June 23, 2008)).

Here, Plaintiff's scant claims of threats, harassment, and physical attacks at various businesses do not arise out of the same transaction, occurrence, or series of transactions or occurrences or involve common questions of law or fact. Therefore, joinder of Defendants is impermissible under Fed. R. Civ. P. 20(a)(2).

Additionally, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

7

of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff makes mostly legal conclusions, and the complaint and amendments do not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to the claim(s) against them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544). The pleadings, therefore, are lacking in sufficient detail to state a claim against Defendants, and they fail to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Finally, Plaintiff cannot file a criminal complaint in this Court. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387,

388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors; whether to bring such a complaint is generally within the discretion of the prosecutor. This court does not have jurisdiction to order that a criminal complaint be filed."). Because Plaintiff is a private citizen, she cannot initiate criminal charges against anyone, and the criminal complaints will be dismissed.

For the foregoing reasons, the instant action must be dismissed by separate Order.

Date: December 5, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4414.005